## In re Cohen et ux.

*E. Leroy van Roden,* for bankrupt; *Morris Schwarzman,* for exceptant.

DICKINSON, J., December 6, 1932.—Counsel in a very frank and clear statement made during the argument of this cause at bar showed agreement upon what is the ruling to be made by this court.

After the filing of the petition in bankruptcy, a receiver was appointed and converted the bankruptcy assets into cash. The statement has been made that this is not absolutely correct because there is yet one piece of property which has not been sold. In due course an election was held for the choice of a trustee, and by not a very large majority, but yet by a majority, the creditors chose a trustee. The referee, however, refused to approve this choice and to appoint a trustee in accordance therewith under General Order XIII and appointed as trustee the person who had been acting as receiver. His reason for so doing was the economical reason that the trustee appointed would receive but one compensation as receiver and as trustee, whereas if another trustee was appointed compensation must be allowed to both the receiver and the trustee, thereby depleting the small fund for distribution among creditors.

The referee has added a comment to the effect that counsel representing the majority creditors has a selfish interest in the appointment of a trustee other than the receiver.

Counsel are agreed that the primary thought underlying bankruptcy law is that the bankruptcy assets shall be administered as property belonging to the creditors as owners. In conformity with this, the creditors have primarily the right to choose a trustee of their own selection. General Order XIII makes this choice subject to the control of the referee. In the event of there being no majority choice of a trustee, it is made the duty of the referee to appoint, and under the quoted general order the referee may appoint even when a choice has been made. It is conceded, however, that the exercise of this latter power must not be arbitrary or whimsical, but is a judicial discretionary power the exercise of which must be based upon a substantial supporting reason for the action. The question then becomes, and, as we have said, there is agreement upon this, whether the economic reason of saving the expense to the estate justifies the referee in ignoring the choice of creditors. Under the authorities it is clear that this reason is not in itself always a substantial supporting reason for exercising this power of appointment. However, it is always a reason and may be in itself a good reason. In the opinion of the learned referee, this does constitute a good reason in the instant case. In view of the size of the bankrupt estate and of the fact that little if anything remains to be done other

than to distribute the moneys into which these assets have been turned, we agree with the referee that he was justified in making the order he entered and which is now before us for review.

We add the comment, however, that the thought expressed by the referee that counsel for the majority creditors had possibly a reason of his own for having the choice of trustee fall upon some one other than the receiver has no bearing upon the question to be ruled. Counsel who represented the majority creditors would be justified in expecting that the trustee of their choice would in turn choose him to be counsel. This expectation, if realized, would, of course, redound to the advantage of the counsel chosen, but it would not be his sole or indeed his controlling reason for opportunity to act as counsel. His real reason would be that in this way he could be of service not only to those creditors whom he had been representing but to all creditors, as whatever was to the advantage of all creditors would be a like advantage to the majority creditors.

The petition for review is dismissed, and the order of the referee affirmed and confirmed.